. **Frank Whisman, Administrator, Appellee, v. G. H. Small, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Frank Whisman, administrator of the estate of Laura B. Whisman, deceased, against G. H. Small to recover damages for the death of Laura B. Whisman, the wife of Frank Whisman, alleged to have been caused by malpractice of defendant. The first count of the declaration averred that the defendant, a physician, was called to attend the deceased in her confinement and that he negligently infected the deceased at the time of the delivery of a child with erysipelas and thereby caused her death. The second count averred that the defendant did not exercise the degree of care commensurate with the standard of medical skill in the vicinity of Leroy, the residence of the deceased, and did not make as many professional visits as the seriousness of the case required, and that he wilfully abandoned the case and refused to give further treatment. A trial resulted in a verdict and judgment for plaintiff for two thousand five hundred dollars. To reverse the judgment, defendant appeals.

WELTY, STERLING & WHITMORE, for appellant.

STONE, OGLEVEE & FRANKLIN and LESLIE J. OWEN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 131*—*when defendant incompetent to testify to conversations in suit brought by administrator.* In an action against a physician to recover for the death of plaintiff's intestate alleged to have resulted from malpractice, refusal to permit the defendant to testify to a conversation held between himself and a nurse in an adjoining room to that occupied by the patient and which could have been heard by the patient, and to a conversation between himself and the patient in which the nurse took part and concerning which the nurse had testified, *held* not error.

2. WITNESSES, § 93*—*exceptions to section 2 of Evidence Act construed.* Neither the second nor the fourth exception to section 2 of the Evidence Act, J. & A., ¶ 5519, permits a party in interest to testify to a conversation he may have had with the deceased, whether it was testified to by an agent of the deceased or by a disinterested witness, nor do they permit an adverse party to testify to a conversation of such adverse party that occurred before the death in the presence of the deceased and which is testified to by a disinterested witness not an agent of the deceased.

3. WITNESSES, § 48*—*burden of proving grounds of incompetency.* The presumption is that one offered as a witness is competent to testify, and the burden is upon the party objecting to state and prove the grounds of his objections.

4. WITNESSES, § 43*—*competency to testify to conversations with defendant's wife.* In a suit against a physician to recover for the death of plaintiff's intestate alleged to have resulted from malpractice, where the facts showed that a nurse attending the patient called up the doctor's office and was answered by the doctor's wife, *held* that under section 5 of the Evidence Act, J. &. A., ¶ 5522, neither the nurse nor the doctor's wife were competent to testify to the telephone conversation for the reason that there was no evidence to show that the doctor's wife was acting as agent for her husband.